IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:07-cr-00091-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) ) CHRISTOPHER HARDY ZOUKIS, ) ) Defendant. ) ) | O R D E R |

**THIS MATTER** is before the Court on the Defendant's Motion for Early Termination of Supervised Release [Doc. 35].

**I. BACKGROUND**

On December 26, 2007, the Defendant pled guilty to one count of knowingly possessing child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), and one count of knowingly receiving child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1), and 2256(8)(A). [Docs. 11, 12]. On September 4, 2008, the Honorable Lacy H. Thornburg[1] sentenced the Defendant to a total term of 151 months' imprisonment and

---

[1] Upon Judge Thornburg's retirement, this matter was reassigned to the undersigned.

six years of supervised release. [Doc. 20].² On October 12, 2018, the Defendant commenced his term of supervised release.

On April 2, 2019, the United States Probation Office filed a Petition requesting modification of the Defendant's conditions of supervised release. [Doc. 27]. The Defendant did not consent to the modifications and did not waive his right to a hearing on the proposed modifications. On April 23, 2019, the Defendant appeared with local counsel at the hearing, at which time the Court denied the Defendant's motion to continue and approved the proposed modifications contained in the Petition. [See Order entry dated 4/23/2019]. The Court, in approving the petition, did so without prejudice to the Defendant's right to file a motion for further modifications of the conditions of supervision, including modifications to the two conditions then added. [Id.]. Thereafter, while under courtesy supervision by the United States Probation Office in the Eastern District of California and with the consent of the Defendant, the Defendant's conditions of release were modified to be consistent with the sex offender conditions in the Eastern District of California. [Docs. 32, 33].

---

² The Defendant's memorandum mistakenly states that the Defendant was sentenced to a five-year term of supervised release. [Doc. 36 at 1, 8].

2

Case 1:07-cr-00091-MR-WCM   Document 42   Filed 02/14/22   Page 2 of 11

The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release. [Doc. 35]. In support of his motion, the Defendant argues that he has demonstrated exceptional behavior and compliance during his incarceration and while on supervised release; that he has completed extensive sex-offender therapy; that he poses a low-risk of recidivism and is not a threat to the public; that he has thrived despite challenges presented by his supervised release; and that supervision is now a hinderance to his successful reintegration to society. [See Docs. 36, 36-1]. Counsel for the Government initially opposed the Defendant's motion. [Doc. 38]. While conceding that the Defendant's conduct on release was commendable, the Government argued that the interest of justice and consideration of the applicable factors did not support early termination of supervised release. [Id.]. The Government further requested that no final decision be made on the Defendant's motion until an additional polygraph examination of the Defendant was completed. [Docs. 38 at 9-10; 38-1]. Thereafter, the Defendant filed a reply to the Government, as well as a notice indicating that the additional polygraph had been completed and representing that the Government no longer opposed the motion. [Docs. 39, 40]. The local supervising probation officer staffed for the Defendant's case has advised the Court he opposes the Defendant's request because the

3

Defendant is classified as a high-risk offender due to his underlying offenses and prior contact sex offense conviction, and that supervision is necessary in order to appropriately monitor future compliance and mitigate the risk of recidivist conduct.

## II. STANDARD OF REVIEW

Section 3583(e) of Title 18, United States Code, provides, in pertinent part, as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]

18 U.S.C. § 3583(e)(1). Pursuant to Section 3583(e), the following factors are to be considered: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; the need for the sentence imposed to protect the public from further crimes of the defendant; the need for the sentence imposed to provide the defendant with needed

4

educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). After considering the relevant factors, the Court, "must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice," in order to terminate a defendant's term of supervised release. United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999).

### III. DISCUSSION

In the present case, the Defendant's possession and receipt of child pornography were serious offenses, involving more than 14,500 images of child pornography, including images of prepubescent minors or minors who had not attained the age of 12 years, and including material that portrays sadistic or masochistic conduct or other depictions of violence. [Doc. 17 at

5

¶¶ 9, 17, 19, 21]. The Defendant committed these serious offenses while under state supervised probation for his prior conviction in North Carolina for felony taking indecent liberties with a child, an offense that involved a thirteen year-old girl. [Doc. 17 at ¶ 31].

At the time the Defendant was sentenced, he faced a 15-year statutory minimum term of imprisonment (due to his prior sex offense conviction) and a 5-year statutory minimum term of supervised release. 18 U.S.C. §§ 2252(b)(1) and 3583(k). Ultimately, the Defendant was sentenced below the statutory minimum to 151 months' imprisonment and a 6-year term of supervised release.[3] [Doc. 20]. Despite a lifetime term of supervised release being authorized and recommended for such sex offenders in order to protect the public, the Defendant received only a 6-year term of supervised release. See U.S.S.G. § 5D1.2(b) (Amendment 615, effective November 1, 2001); see also United States v. Helton, 782 F.3d 148, 154 (4th Cir. 2015) ("[T]he U.S. Sentencing Commission specifically included an advisory policy statement in the Guidelines Manual that suggests it is the judgment of the Sentencing Commission that in the case of sex offenses 'the statutory maximum term of supervised release is recommended.'"); United States v.

---

[3] The Defendant was allowed a sentence below the mandatory minimum pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1-1 for his cooperation.

Morace, 594 F.3d 340, 351 (4th Cir. 2010) ("Read together with § 3583(k), the § 5D1.2(b) policy statement reflects the judgment of Congress and the Sentencing Commission that a lifetime term of supervised release is appropriate for sex offenders in order to protect the public.") (internal quotations and citations omitted).

The Defendant asserts that he has made positive and productive lifestyle changes during his incarceration and particularly while on supervised release. [See generally Docs. 36; 36-1]. Significantly, the Defendant has persevered and succeeded post-incarceration by furthering his education and even attending law school, despite multiple obstacles and significant restrictions. [Id.]. The Defendant also asserts that, as evidenced by his behavior and the submitted reports of Dr. Jeff Marcino, Dr. Brian R. Abbot, Michael Becker, LPC, and Robert L. Thornton, M.Ed., he presents the lowest possible risk of recidivism. [Docs. 36 at 12-13; 36-1 at 21-74, 119-124].

Relevant here, the Defendant argues that his continued supervised release inhibits his continued rehabilitation because it thwarts his career prospects and only serves as an impediment to successfully reintegrating back into society. [See Docs. 36 at 17; 36-1]. Specifically, the Defendant asserts that he intends to apply for admission to the Vermont Bar, and that

remaining on supervised release will likely result in him not passing the character and fitness requirements. [Doc. 36 at 14-15].[4] The Defendant also argues that his supervised release conditions regarding the Probation Office monitoring and examining his computer would violate Rule 1.6 of the Vermont Rules of Professional Conduct, which provides, in pertinent part, as follows:

> There may be other conduct that is relevant in the admission process, but it must have a rational connection with the applicant's present fitness or capacity to practice law and accordingly must relate to the state's legitimate interests in protecting prospective clients and the system of justice.

Vt. Rules of Prof. Conduct, Rule 1.6. The Defendant argues that monitoring of his computer is "conduct" that affects his ability to practice law and interferes with the Vermont Bar's interest in "protecting prospective clients." [Doc. 36 at 15].

The question at hand, however, goes far beyond Defendant's ability to maintain client confidences. The evidence Defendant has provided to the Court falls far short of addressing how Defendant might be able to pursue law practice (in Vermont or otherwise). All of Defendant's arguments are

---

[4] The Defendant does not explain how his supervised release would be an impediment to his passing his character and fitness requirements, but the fact that he is a recidivist convicted sex offender would not.
8

hypothetical and conjectural. He has presented nothing regarding any determination by or communication with licensing authorities as to what they would require. Moreover, Defendant does not address what limitations may be imposed on his practice as a registered sex offender, even if his supervised release were to be terminated. It is very questionable as to whether Defendant could be involved in child porn cases, as he would presumably be prohibited from viewing the discovery. It is likewise questionable as to whether Defendant would be able to handle cases involving children, including child custody, adoption, and tort claims on behalf of child plaintiffs.

Such information would be needed in order for the Court to determine whether less drastic remedies may be available that may still allow for Defendant's professional advancement. For instance, could the client confidences issue be addressed by a condition whereby Defendant's work computer would be subject to monitoring by a third-party custodian of sorts, who would be properly privy to Defendant's client confidences (e.g., co-counsel) but who could review the computer for any contraband material and certify its status to the Probation Office?[5]

---

[5] Of course, any modifications would need to be acceptable to the probation office in the jurisdiction where Defendant would be supervised. Defendant has presented nothing

Here, the Defendant seeks an extraordinary remedy. He asks this Court to end supervision, even though he is a recidivist sex offender – with very serious prior convictions – and to rely only on sex offender registration as cabining Defendant's actions. Further, this extraordinary relief is sought after a mere forty (40) months of supervision, notwithstanding that Defendant's term of supervised release already reflects a significant departure from the ordinary case and the policy recommendation of lifetime terms of supervised release for such sex offenders.

Having considered the § 3553(a) and § 3583(e) factors, the Defendant's arguments and supporting exhibits, the respective positions of the Government and the local probation officer, the Court is not satisfied that termination is warranted under the circumstances at this time. The Defendant's sex offenses in this matter were serious and he committed these offenses after having been previously convicted of felony indecent liberties with a child. The Defendant's history and characteristics, as well as the nature and circumstances of the Defendant's offenses, counsel against terminating the Defendant's supervised release, as does the need to protect the public and to avoid unwarranted sentence disparities.

---

regarding the position of the Probation Office in Vermont, assuming that Defendant's Vermont Bar Application is an indication of his intent to relocate to that state.

To be sure, the Court is impressed with the Defendant's adherence to the conditions of supervised release, his productivity post-incarceration, his engagement in sex offender therapy, and his overall commitment to successfully reintegrating back into society. However, particularly in light of the potential for less drastic remedies being available to provide alternate paths to facilitate the Defendant's ultimate goals, the Court finds that continued supervision is both in the Defendant's best interest and in the best interest of the public.

Accordingly, for the reasons stated herein, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release. The Court, however, will deny the Defendant's motion without prejudice to seeking modification of his conditions of supervised release or renewal of his motion upon a demonstration that modifications would be inadequate.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Early Termination of Supervised Release [Doc. 35], is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: February 14, 2022

Martin Reidinger
Chief United States District Judge