IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:07-cr-00091-MR

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **O R D E R** |
|  | ) |  |
| CHRISTOPHER HARDY ZOUKIS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on the Defendant's Renewed Motion to Seal [Doc. 52].

The Defendant, through counsel, moves the Court for leave to file under seal an unredacted Memorandum [Doc. 36 (sealed)] and Exhibits thereto [Doc. 36-1 (sealed)], in this case. [Doc. 52]. For grounds, counsel states that the unredacted Memorandum and Exhibits thereto contain detailed sensitive information that is ordinarily sealed, as well as sensitive health and personal information about the Defendant and his family. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the

documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion and the proposed redacted version of his Memorandum and Exhibits thereto on May 3, 2022, and they have been accessible to the public through the Court's electronic case filing system since that time. [See Docs. 52, 52-1]. Further, the Defendant has demonstrated that some parts of the redacted portions of the memorandum and exhibits thereto, contain sensitive information and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018).

The Defendant, however, seeks to have sealed substantial portions of the letters of support submitted on Defendant's behalf [Doc. 52-2 at 76-93; Doc. 36-1 at 76-93 (sealed)]. This information forms a significant basis for the Defendant's Motion for Early Termination. As such, it is not subject to sealing in accord with Harris. In addition, Defendant seeks to seal the photographs [Doc. 52-2 at 94-109; Doc. 36-1 at 94-109 (sealed)] he has filed with the Court on the basis that the photographs "were not the focus of [his]

motion." [Doc. 52 at 3]. This leaves the Court to wonder why Defendant chose to file these photos. For these reasons, the Court will deny Defendant's Motion to Seal as to pages 76 through 109 of his exhibits [Doc. 52-2 at 76-109; Doc. 36-1 at 76-109 (sealed)], but will allow Defendant fourteen (14) days form the entry of this Order to withdraw for filing the photographs [Doc. 52-2 at 94-109; Doc. 36-1 94-109 (sealed)], if he so chooses.

Having considered less drastic alternatives to sealing the Defendant's letters of support and photographs, the Court concludes that less drastic alternatives to wholesale sealing of the Defendant's letters of support and photographs is feasible.

Accordingly, the Defendant's Motion to Seal is granted in part and denied in part, and counsel shall be permitted to file the Memorandum [Doc. 36 (sealed)] and certain Exhibits thereto [Doc. 36-1 at 1-75, 110 -124 (sealed)][1] under seal. However, the Defendant's letters of support [Doc. 36-1 at 76-93 (sealed)] shall be unsealed. Further, the Defendant's photographs [Doc. 36-1 at 94-109 (sealed)] shall remain provisionally under seal for

---

[1] The Defendant originally filed as an exhibit a section of the Vermont Bar Admission Rules & Rules of Professional Conduct under seal. [Doc. 36-1 at 110-117 (sealed)]. However, the Defendant has now filed this exhibit on the public docket. [Doc. 52-1 at 110-117]. Accordingly, unsealing this exhibit is unnecessary.

3

fourteen (14) days from entry of this Order to allow the Defendant to withdraw for filing such photographs, if he so chooses.

**IT IS, THEREFORE, ORDERED** that the Defendant's Renewed Motion to Seal [Doc. 52] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** to the extent that the Defendant's unredacted Memorandum [Doc. 36 (sealed)] and certain Exhibits thereto [Doc. 36-1 at 1-75, 119 -124 (sealed)] shall remain on the docket under seal until further Order of this Court. The Motion is **DENIED** to the extent that the Defendant's letters of support [Doc. 36-1 at 76-93 (sealed)] shall be unsealed, and the Defendant's photographs [Doc. 36-1 at 94-109 (sealed)] shall remain provisionally under seal for fourteen (14) days from entry of this Order to allow the Defendant to withdraw for filing the photographs, if he so chooses, and then unsealed thereafter unless withdrawn.

**IT IS SO ORDERED.**

Signed: May 20, 2022

Martin Reidinger
Chief United States District Judge